IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BURTON, #16027515, | § § § § | |
| Plaintiff, | § | |
| vs. | § | No. 3:17-CV-1195-G-BH |
| | § | |
| JENNIFER RUSSELL BURTON, | § § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the complaint should be **DISMISSED** for lack of subject matter jurisdiction.

### I. BACKGROUND

Christopher Burton (Plaintiff) was an inmate at the Dallas County Jail at the time he filed this action against his ex-wife, Jennifer Russell Burton (Defendant), for divorcing him while he was in a mental hospital.[2] (doc. 3 at 4.)[3] Plaintiff contends that the parties were in the process of divorcing when he was arrested in Oklahoma in January 2014. (*Id.* at 5.) He was found incompetent to stand trial due to a mental breakdown and sent to a mental hospital. (*Id.*) After being deemed competent to stand trial, he was sent back to prison, where his medication was stopped, and as a result he was sent to a second mental hospital. (*Id.*) He was released in March 2016, and was incarcerated in the Dallas County jail awaiting a stay in a third mental hospital in Vernon, Texas,

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening.

[2] The decree of divorce in the 219th District Court of Collin County, Texas, was signed on January 15, 2014. (*See* doc. 8.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

at the time he filed this lawsuit.[4] (*Id.*)

Plaintiff alleges that he was unable to participate in the final stages of the divorce process due to his mental illness, and that he is finally able to understand the legal aspects of his divorce. (*Id.*)  He believes that the division of assets was extremely unfair, and that his ex-wife owes him back pay for electrical work he did for her electrical contracting company in 2011 and 2012.[5] (*Id.*; doc. 7 at 2.)  Plaintiff contends that "[a]t the time of [his] divorce [he] was unable to understand what was going on," and he seeks a "fair division of assets through a higher court . . . as required by state law." (doc. 3 at 5.)  No process has been issued.

## II. PRELIMINARY SCREENING

Plaintiff is proceeding *in forma pauperis*, so his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This section provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556

---

[4] Plaintiff was charged with aggravated assault of a public servant and with evading arrest or detention with a vehicle on January 19, 2014, in the 195th Judicial District Court of Dallas County, Texas. *See  State v. Burton*, Nos. F14-32161, F14-32162 (www.dallascounty.org (search for plaintiff)).  On February 2, 2017, he was found not guilty in both cases by reason of insanity and committed to the maximum security unit of the North Texas State Hospital, Vernon Campus, for an evaluation of his mental condition.  On November 9, 2017, he was committed to Vernon for in-patient treatment for a period not to exceed 181 days.

[5] Plaintiff specifically states that he has "listed wages owed as well as a division of marital assetts [ic] because the two are linked together in order to get a fair division of all marital assets."  (*See* doc. 7 at 7.)

U.S. 662 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). In fact, Fed. R. Civ. P. 12(h)(3) requires a court to dismiss an action if it determines that it lacks jurisdiction over the subject matter.

Here, Plaintiff is attacking the final decree of divorce. The *Rooker-Feldman* doctrine[6] divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*

---

[6]This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

3

*v. Saudi Basic Indus.*, 125 S. Ct. 1517, 1521-22 (2005). "'[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). Under 28 U.S.C. § 1257, only the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. Accordingly, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). This jurisdictional bar extends even to those cases "'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

Because Plaintiff seeks review of a final state court order, the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction to hear his challenge.[7]

## V. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on this 7th day of April, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[7] Because Plaintiff specifically links his claim for unpaid wages to his challenge to the division of property, it is not liberally construed as a separate federal claim for unpaid wages. (*See* doc. 7 at 7.) Even if liberally construed as arising under federal law for purposes of invoking jurisdiction, however, his conclusory claim is unsupported by facts and would be subject to dismissal for failure to state a claim. *Twombly*, 550 U.S. at 555.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5